Good morning. May it please the court, this case is about action by an administrative agency and the degree to which the agency is constrained by the Administrative Procedures Act. The Administrative Procedures Act says, among other things, that when agencies take actions, the actions have to be grounded in rational reasons. So I thought you were challenging a court decision here. How does the Administrative Procedures Act apply at all? Because the real decision that we're challenging is the decision by the Securities Exchange Commission to say we want all the money for ourselves. Which the district court agreed to. So you're appealing from a district court judgment, right? Correct. Not a final agency action. Correct. So the Administrative Procedure Act doesn't have anything to do with this apart from a general kind of aura of be fair and reasonable. It has to do with the legality of the order that was entered by the district court. If in fact the district court is affirming an action by an agency that isn't permitted by law, the Administrative Procedures Act, then that's problematic. That's what our argument is. Our argument is that the agency has just decided that it, without having any reason at all for saying why it should apply to us. But the statute says that a penalty imposed under this section shall be payable to the Treasury, except as otherwise provided in another section, two other sections, and those other sections don't seem applicable to your case. You were not a victim of this particular fraud, but of other misconduct by Custable. That's an interesting argument that the Securities Exchange Commission presents as a way to reframe the matter, where they're saying that somehow they have no obligation to us because they're just dealing with their narrow focus problem with Mr. Custable and the particular people that he defrauded that they brought charges with respect to. And they're saying that somehow because they are proceeding under that judgment that they obtained, that then the rest of the world has no business looking into what's going on with Mr. Custable's assets. These aren't really his assets anymore, are they? The Commission makes a very finely tuned argument about disgorgement. That's incorrect. They say that what we've done is we've taken this and that's appropriate in many cases. The idea that court decisions support is that when somebody who has defrauded individuals manages to make so much money that even after you repay the people who have lost the money, he still has money in his pocket, then disgorgement's an appropriate remedy to take all that money back to make sure that the criminal doesn't profit from his wrongdoing. It doesn't create... Let me try a different approach here. This money was in Ontario, correct? Correct. And your client was pursuing Mr. Custable based on these earlier transactions for many years, right? Correct. Okay. You could have tried to get the money in Ontario? The timing was such that we could not have. It had already been transferred to the U.S. District Court before you got your judgment, right? It had been transferred to the registry, subject to the court's order in this proceeding saying that the Commission would come in and apply and talk to the court about how the money would be... So it was, at that point, no longer available to Mr. Custable, right? I disagree. I cannot find any statute that creates some kind of an immediate super priority. In fact, there's a statute that gives creditors the right to come in and apply to money of their debtor that's in the hands of the registry and ask that it be applied to their debtor. Which statute is that? I'm sorry, it's in the record because the initial motion that we filed cites that section of the code. So I think that there is a possibility, there remains a possibility, that we could go after these people. We have heard the problem with this case is that it has such a record, such a history, there's so much to tell you that you don't know, that the judge didn't know when the judge made our decision. We had been talking with people from the Securities Exchange Commission for years before this happened about assets in a South American country, providing that information to the Securities Exchange Commission, actually talking to attorneys in the country to try and get... But how do you get around the statute which says that the money goes to the Treasury unless, you know, these other sections are applicable and they're about the victims of this specific fraud and Hare isn't a victim of this particular fraud, although quite possibly of other frauds by Custable. I don't know how you get around that. With an argument, a factual argument, that says... With a what argument? A factual argument, an argument that we are in fact a victim of this fraud that they ended up suing on. What's your argument? Mr. Custable took a lot of money from Mr. Hare. Yes, but it wasn't part of this particular fraud. And used it to fund this fraud. Isn't that correct? It's not part of this particular fraud. I can't say that for certainty. I believe that it may very well have been a part of this fraud. It may have been part of an ongoing... Well what's the evidence that it's part of this, that's the same fraud? Right now it's not in the record at all because the judge didn't want to hear about it. Well if it's not, pardon? He wouldn't let you put it into the record? The judge closed us out. Well that's a completely different argument from what you make in your brief. I thought your argument was that given that you have been cheated by Custable and given that there is Custable money seized by the SEC, you as a victim should be entitled to a share of that money even though you were victimized by a separate fraud. That I thought was your argument. That is one argument. I also submit that we are... That argument is a loser because you're not the victim of this particular fraud. Then I should move on to my next argument. So you have another. Okay, what's your other argument? My next argument, one of my other arguments is that as case law is developing, I believe, the courts are becoming more sensitive to the fact that this allowing the SEC to just seize money outright without any kind of deliberative process is inappropriate. The fact is that people who get in these Madoff type situations, these large Ponzi situations where lawsuits, lawsuits, lawsuits, have a real problem because there is nothing like a bankruptcy that pulls all the people who have been hurt together in one place and allows a rational decision to be made, a thoughtful decision to be made about what really is appropriate. No, that's a good point, but we don't have a bankruptcy regime for this, right? No, we don't. But in SEC cases, you appoint a receiver. That's been done plenty of times. And we asked the court to do that and the court... It had been done earlier with Custable and they closed that out, right? Right. Can I ask you, the terms of your settlement with Mr. Custable concern me. If I understand it correctly, it means you agreed to take this judgment against him, but agreed that the only place, the only thing you would do to collect it is to try to get this money out of the district court's registry. Is that right? That's what we ultimately agreed to, yes. So, I mean, I'm troubled by that because it looks like, rather than a good faith settlement, just an attempt to piggyback on the SEC's collection efforts. We're troubled by it as well. The fact is that the settlement was fashioned that way because of Mr. Custable's insistence. He wanted to be sure that his friends at the SEC would not get mad at him and would somehow cooperate in getting his sentence reduced. That was the argument we had before Judge Dow for well over a year about how we would frame this judgment. And he insisted and we finally caved and said, fine, we'll take the judgment and we'll agree that we won't do anything until the money is in the hands of the United States government because that way you'll be able to tell the people of the SEC you did not impede their attempts to collect, realize, whatever they want to do. The brief has other arguments. My time is up. We believe that the right thing to do, the just thing to do, would be to send this back and give Mr. Herr an opportunity to present in full his arguments about why he should have a piece of this pie. Thank you. Okay, thank you, Mr. Gobel. Ms. Prins? May it please the court, Sarah Prins for the Securities and Exchange Commission. I'd like to start by addressing a couple of things that Mr. Gobel has just said just to clear up a couple of issues. First, as to the argument about whether he is a victim of the same fraud, just to clarify, the fraud that Herr asserted against Custable in his separate lawsuit didn't even allege any securities fraud causes of action. So I think that that helps clear up whether he was a victim of the fraud that gave rise to this disgorgement. And the fact pattern long predates the fraud period at issue here. There's no overlap between the two frauds. Secondly, Mr. Gobel referred to a lack of a deliberative process before seizing these funds. And I just want to clarify that there was both a criminal and a civil enforcement action in which the claims were addressed and the disgorgement order was not challenged by anyone. So that's not what's at issue here. The issue is what happened to the funds after they were disgorged. And finally, as to Mr. Herr's claim that he... Is there any conceivable procedure by which Herr could go to the government and say, look, you collected all this money to deal with this fraud and you're giving it to the Treasury. But wouldn't it be fair to give some of this money to Custable's other victims? You know, a kind of see prey idea, right? At this point in time, after the money has already been disgorged, I don't believe that there is. It's possible that before, if he had gotten involved earlier, he would have been able to at least raise that before the court, when the disgorgement order was being considered. But at this point, I don't think so. What would the basis for that have been? I don't believe that there necessarily was a basis for it, but in cases in which there are actual injured investors, sometimes they do get involved in the district court. I don't think in this case that he would have had standing to do so. Did Custable ever declare bankruptcy? No, there's no bankruptcy procedure. Anybody ever try to force him into bankruptcy? No. I mean, that would be the vehicle for doing this sort of thing. Yes. If you've got a long string of victims, and maybe none of it's dischargeable, but at least if the debtor is being honest about his assets, it provides a forum for allocating those assets among competing interests. That's right. Okay. And in this case, in a bankruptcy, yes, a creditor might have standing, because creditor's interests are generally considered in bankruptcy cases, but not in this one. And finally, I want to address Hare's last point that he didn't have an opportunity to present his case before the district court, because that's simply not true. The court allowed him to file a response to the commission's motion, in which he did present his claims to the disgorged funds, and the court stated that it considered that response in reaching its decision. And then it allowed Mr. Hare's attorney to speak at the hearing on the motion, and he, at that hearing, said he wasn't prepared to present his response to the commission's arguments, which are essentially the same ones made here. So, there was no question of, no procedural issue. I'll also briefly just go into the reasons why this court should dismiss the appeal, or affirm it on its merits if it finds that it is standing. As to standing as a victim, as I think I've established, not the same fraud. Why would that affect standing? Do you need anything more for standing than the fact that if you were to prevail on your claim, however weak it is, you would get money? So you do have a stake in that sense. Isn't that enough? I don't think it is, according to Lujan, because a legally cognizable interest needs to be asserted. And, for instance, a creditor in a bankruptcy proceeding might have a legally cognizable interest. Well, you wouldn't have standing if your claim was totally preposterous. It was a frivolous claim. But, so would that be your characterization of his claim, that he had a frivolous claim that therefore didn't engage the jurisdiction of the court? I think that would be an accurate way to put it. But it's also the fact that there's no legal basis for someone other than a victim of securities fraud. If even that, we don't address whether a victim of securities fraud ever have standing. But certainly a victim of not securities fraud doesn't have any legal basis. The concern being that, you know, there's no actual decision and no possibility of using the judgment as raised through the cotta if the plaintiff decides to bring the same case in a different judicial system. So isn't it better to deal with the merits unless it's totally preposterous? We would say that this is fairly preposterous. But if the court doesn't want to reach the standing issue, it certainly doesn't need to. Because the order would be appealable on its merits as well. And I can go into that a little bit further. Well, actually, we have to say something about standing, right? Yes, but... On the other hand, when standing is on this board with the merits this way, that's a concern that I also share. Can I just ask you procedurally here, the case of Hare against Custable. You told us in your brief that Hare filed suit against Custable in Illinois State Court, and Hare later removed the case to federal court? That's right. How does a plaintiff remove a case? He added a RICO cause of action. I'm not sure exactly how he did it, but it went to the federal court. Maybe he just filed a fresh complaint? It was listed as an amended complaint. Okay. It seems like an oddity. I was just curious. Okay. Just to wrap up the standing issue then, I'd like to refer to the Second Circuit's decision, Martin v. SEC, in which the case is particularly persuasive, obviously not binding, but there the claimants lacked standing even though they had been injured by the same fraud that gave rise to the disgorgement. And I think it's clear in this case Hare's connection to the disgorgement is... How is that consistent with what the Supreme Court has said in Lexmark? At least I'll paraphrase. My understanding of it is that, in essence, they don't want us to mess around anymore with concepts of statutory standing. I mean, the person in Martin says, I got hurt. You've got some money that can be used to compensate me. Saying that the investor doesn't have a claim is different from saying there's no standing. I agree with that, but I think it's a question more of... There's no question about statutory standing here because there's no statute invoked to give him a cause of action. It's more, is this the type of legal right that is guaranteed by the law, by statute, or by common law? And this is not, and it would... Well, how about this way of thinking about it? He's been hurt by custodial. He hasn't been hurt by anything that's going on in this judgment fund. Thank you, Your Honor. You're right. What he's challenging here is a disbursement of funds that belong to the government, not to custodial. So that is one way of looking at it. Yes. Okay. Well, thank you very much, Ms. Frenz. Mr. Goebel, do you have anything further you'd like to say? I just have a few points. The person that has a bunch of points is still in the flags for the court. Wait, wait. You have to wait to start speaking to get to the microphone. I'd like to make one point that really isn't consequential, but just to clear up the judge's question. The plaintiff filed a RICO action after the case had been pending in state court for a number of years. The defendant then removed it to federal court. We were not thrilled with it, but there we were. The point that I do want to make is the point about standing and the ability to intervene in the SEC's action. I spoke with the SEC's local counsel sometime before we got into the case, and they educated me about that portion of the Securities Exchange Act, which makes it very clear that nobody may intervene in an action brought by the SEC unless the SEC gives permission. That addresses the whole piggybacking issue. And that troubled us, troubled me from the start. We did not do anything with respect to trying to come into this case except ask to be given an electronic notice, which the judge permitted until the case was over, and they were now talking just about collecting money. I think that is a different situation legally than trying to come into the middle of an SEC case where they're still trying to resolve. We did not piggyback on the SEC's back. We worked for 10-odd years to finally get our judgment. Well, how is it that you have standing as a non-party? Because we have a concrete interest that would be impacted by the decision the court's going to make. What's your injury at the hands of what the court did in this case in authorizing the SEC to take these disgorge funds? Well, Mr. Harris sees a half million dollars going to the government treasury. But you're not being injured by anything that's going on in this case. You were injured by Custable. He hasn't paid your judgment. Your remedies are against him, not against... Harris' argument is that the government is taking Custable's money without any real reason for taking it. The government hasn't had any injury. The government had this money handed to it on a silver platter, if you will, with a call from the Canadian Financial Authority and said, oh, by the way, we've got some Custable money here. They're simply taking what we, given a few more months and some discovery after we had our judgment, would have found and would have recovered on our own. But their argument is first come, first served. I don't think that's an appropriate legal argument. Thank you for your time and attention. Okay. Well, thank you, Mr. Goldbaugh and Ms. Prince.